DREW, J., concurring.
_JjThe majority certainly reaches the correct result in this sad case, and I concur, with these brief comments.
In addition to the three unanswered questions outlined by the majority, there was another important one, at the end of cross-examination:
DEFENSE COUNSEL:
Okay. So can you tell us anything that happened to you? Can you tell us that?
WITNESS:
(WITNESS NOT ANSWERING).
Had the witness answered the four salient questions, and any reasonable followup questions relative thereto, I believe this conviction could have been affirmed, as there is imperfect, yet substantial compliance with La. R.S. 15:440.5.[9] The reality of this record, however, leads to the inescapable conclusion that the defendant’s Sixth Amendment right of confrontation has been violated.
Upon retrial, perhaps the state should consider the implementation of La. Ch. C. art. 329, which may lessen the victim’s emotional pain and reduce her fear of having to again testify.

. The majority wisely suggests a pretrial hearing to determine in advance whether there is adequate compliance with La. R.S. 15:440.4. In northwest Louisiana, some jurisdictions refer to this as a "Gingerbread Hearing.”